# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10-CR-0230(22) (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| CESAR SEVILLA-ACOSTA, | |
| Defendant. | |

Cesar Sevilla-Acosta, pro se.

Defendant Cesar Sevilla-Acosta ("Sevilla") was convicted by a jury of conspiracy to distribute marijuana and sentenced to 135 months in prison. Sevilla's conviction and sentence were affirmed on direct appeal. *United States v. Sevilla-Acosta*, 746 F.3d 900 (8th Cir. 2014). Sevilla later filed a motion to enforce a purported plea agreement or, in the alternative, to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Court appointed an attorney to represent Sevilla, held an evidentiary hearing, and denied the motion on the merits. ECF No. 1078. The United States Court of Appeals for the Eighth Circuit denied Sevilla's application for a certificate of appealability and issued its mandate on April 17, 2017. ECF Nos. 1116, 1117. Sevilla then filed a petition for certiorari before the United States Supreme Court, ECF No. 1119, which remains pending.

Sevilla has now filed a pro se "Ex-Parte Motion to Vacate Conviction."[1] ECF No. 1120. Because Sevilla has already litigated (and lost) a motion to vacate his conviction under 28 U.S.C. § 2255, however, he cannot bring another § 2255 motion until he first obtains authorization from the Eighth Circuit. 28 U.S.C. § 2255(h). There is no indication that Sevilla has received such authorization. Accordingly, the Court lacks jurisdiction to consider Sevilla's motion. *See United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (per curiam) (defendant's challenge to district court's jurisdiction was a second-or-successive § 2255 motion that required prior appellate-court authorization). Moreover, because Sevilla's motion is substantively meritless, the Court declines to transfer the motion to the Eighth Circuit. *See Boyd v. United States*, 304 F.3d 813 (8th Cir. 2002) (per curiam).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

---

[1]The Court has had the motion docketed, and thus it is not ex parte. In addition, the Court notes that it has jurisdiction to rule on Sevilla's current motion, as "the mere act of filing a petition for certiorari does not deprive the district court of jurisdiction over the case." *United States ex rel. Escobar v. Universal Health Servs., Inc.*, 842 F.3d 103, 106 n.1 (1st Cir. 2016); *see also United States v. Sears*, 411 F.3d 1240, 1241-42 (11th Cir. 2005) (issuance of the mandate returned jurisdiction to the district court and the filing of a petition for certiorari did not divest it of jurisdiction).

1. Defendant's motion to vacate his conviction [ECF No. 1120] is DENIED WITHOUT PREJUDICE.

2. To the extent a certificate of appealability is required, no such certificate shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 30, 2017

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge