UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                  Case No. 10-CR-0230(22) (PJS/FLN)

Plaintiff,

v.                                          ORDER

CESAR SEVILLA-ACOSTA,

Defendant.

Cesar Sevilla-Acosta, pro se.

Defendant Cesar Sevilla-Acosta was convicted by a jury of conspiring to distribute more than 1,000 kilograms of marijuana and was sentenced to 135 months in prison. In November 2016, Sevilla filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). ECF Nos. 1095, 1103. That motion was denied, ECF No. 1105, and the Eighth Circuit affirmed the denial on appeal, *United States v. Sevilla-Acosta*, 724 F. App'x 510 (8th Cir. 2018). In November of 2019, Sevilla again filed a motion for a sentence reduction under § 3582(c)(2), and this Court again denied the motion. ECF Nos. 1145, 1146. This matter is now before the Court on Sevilla's third motion for a sentence reduction. ECF No. 1149. In support of his motion, Sevilla lists a number of classes that he has taken and jobs that he has held while in prison in order to prepare for his reentry into society, and the Court commends Sevilla for his efforts. However, for the same reasons that the Court has previously declined to exercise its discretion to

reduce Sevilla's sentence under § 3582(c)(2), the Court now denies Sevilla's third motion for a sentence reduction. *See United States v. Granados*, 830 F.3d 840, 842 (8th Cir. 2016) (where a defendant is eligible for a reduced sentence under § 3582(c)(2), relief is discretionary, not an entitlement).

To the extent Sevilla's motion is construed as a motion for compassionate release pursuant to § 3582(c)(1)(A), the motion is denied because Sevilla has not exhausted his administrative remedies. Under § 3582(c)(1)(A), a defendant may only move for a reduced sentence "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." Sevilla does not contend that he asked the Bureau of Prisons to bring a motion on his behalf, and consequently he has failed to exhaust his administrative remedies.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion for a sentence reduction [ECF No. 1149] is DENIED.

Dated: April 14, 2020            s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge