UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10-CR-0230(22) (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| CESAR SEVILLA-ACOSTA, | |
| Defendant. | |

Cesar Sevilla-Acosta, pro se.

Defendant Cesar Sevilla-Acosta ("Sevilla") was convicted by a jury of conspiracy to distribute marijuana, ECF No. 879, and was sentenced to 135 months in prison, ECF No. 903. This matter is now before the Court on Sevilla's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and his motion to expedite. ECF Nos. 1158, 1160. Sevilla claims to suffer from obesity and chronic lung problems, which he says are "extraordinary and compelling reasons" warranting his release.

Sevilla's motion appears to be moot. Sevilla argues that his obesity and lung problems diminish his ability "to provide self-care within the environment of" the Federal Prison Camp in Duluth ("FPC-Duluth"). *See* U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). And Sevilla has recently asked the Court to expedite his release because of an increase in COVID-19 cases among the staff and inmates at FPC-Duluth. ECF No. 1160. According to the Bureau of Prisons ("BOP") inmate locator, however, Sevilla is no

larger incarcerated in FPC-Duluth; instead, he has been transferred to the residential reentry management program in Minneapolis.[1]  As a result, his motion for compassionate release is moot.  *See United States v. Flores*, No. 15-210 (MJD/DTS), 2020 WL 2526479, at *1 (D. Minn. May 18, 2020) (holding that both the defendant's request to the warden of his old facility and the basis for the compassionate release motion were moot after the defendant's transfer to a new facility).

If Sevilla's motion were not moot, the Court would deny it.  Sevilla's BMI is 32.1, ECF No. 1159-1, and the Centers for Disease Control and Prevention ("CDC") reports that a BMI of 30 or more creates an "increased risk of severe illness from the virus that causes COVID-19."[2]  But the fact that Sevilla is overweight and thus has a somewhat elevated risk of suffering complications from COVID-19 is not itself an "extraordinary and compelling reason[]" justifying his release under 18 U.S.C. § 3582(c)(1)(A)(i).  *See United States v. Edison*, No. 12-225 (DWF), 2020 WL 3871447, at *3 (D. Minn. July 9, 2020) (finding BMI of 35.4 inadequate to justify compassionate release).

---

[1]Fed. Bureau of Prisons, *Find an inmate*, https://www.bop.gov/inmateloc/ (last visited Nov. 9, 2020).

[2]Ctrs. for Disease Control and Prevention, *Coronavirus Disease: People with Certain Medical Conditions*, (Nov. 2, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

Sevilla asserts that, in addition to obesity, he has "chronic lung problems."[3] ECF No. 1158 at 8.  This claim is not substantiated.  A ten-year-old medical document indicates that Sevilla was prescribed an inhaler 12 years ago, ECF No. 1158 Ex. E, but the record contains no recent medical documents suggesting that Sevilla currently suffers from any problems with his lungs or currently uses an inhaler.  To the contrary, Sevilla's presentence report ("PSR") indicates that he has "no serious or chronic illnesses."  PSR ¶ 183.  Although the CDC identifies moderate-to-severe asthma as a condition that "might be" a COVID-19 risk factor,[4] the Court is unable to find on the record before it that Sevilla currently suffers from even mild asthma, much less moderate-to-severe asthma.  *See United States v. Brik*, No. 15-cr-78 (SRN/BRT), 2020 WL 3531576, at *5 (D. Minn. June 30, 2020) (finding no elevated risk from asthma when the defendant's "medical records from the past year do not appear to indicate any clinical [en]counters for asthma or any other lung conditions").

Finally, there is no evidence in the record identifying the residential reentry center or other facility at which Sevilla currently resides.  Obviously, then, there is no evidence that he is living in a facility that is experiencing a high level of COVID-19

---

[3]Sevilla also characterizes these lung problems as "asthma."  ECF No. 1158 at 8.

[4]Ctrs. for Disease Control and Prevention, *supra* note 2.

infections.[5] Sevilla has therefore "not demonstrated that he has a particularized risk of contracting COVID-19[.]" *United States v. Muhlenhardt*, No. 14-cr-162 SRN/JJK, 2020 WL 4697112, at *4 (D. Minn. Aug. 13, 2020) (denying motion for compassionate release when no inmates had contracted COVID-19); *see also United States v. Fry*, No. 11-141(4) (PAM/KMM), 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020) (same). For these reasons, the Court cannot find that Sevilla's obesity and alleged lung problems substantially impair his ability to provide self-care, U.S.S.G. § 1B1.13, cmt. n.1(A)(ii), or otherwise constitute "extraordinary and compelling reasons" to reduce his sentence, § 3582(c)(1)(A)(i).

Even if Sevilla could establish an extraordinary and compelling medical reason for release, the Court would deny his motion because his release would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (instructing consideration of the § 3553(a) factors). Sevilla has never acknowledged any responsibility for his serious crime, despite the overwhelming evidence presented against him at trial. ECF No. 933 at 15:6–8. And since his conviction, Sevilla has committed perjury and filed false and misleading documents in his relentless efforts to be released from prison. *See* ECF No. 1078 at 8–10. Releasing Sevilla before he completes his sentence would not be consistent with the need for his sentence to

---

[5]Fed. Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/index.jsp (last visited Nov. 9, 2020).

provide just punishment, to deter Sevilla from future criminal conduct, and to protect the public. *See United States v. Rodd*, 966 F.3d 740, 745–46, 748 (8th Cir. 2020) (affirming the district court's finding that the § 3553(a) factors weighed against release due to the defendant's repeated lying); *United States v. Warren*, 456 F. Supp. 3d 1083, 1088 (D. Minn. 2020) (finding § 3553(a) factors weighed against release because of the defendant's misrepresentations and denial of responsibility).

For these reasons, Sevilla's motion for compassionate release is denied.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Sevilla's motion for compassionate release [ECF No. 1158] is DENIED.

2. Sevilla's motion to expedite [ECF No. 1160] is DENIED AS MOOT.

Dated: November 10, 2020              s/Patrick J. Schiltz
                                      Patrick J. Schiltz
                                      United States District Judge